**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-00650-NYW-NRN

SETH GUILDIN,

      Plaintiff,

v.

MICHEL LAW, LLC d/b/a LEVEL ONE LAW,

      Defendant.

_____

**ORDER ON MOTION FOR DEFAULT JUDGMENT**
_____

Pending before the Court is Plaintiff['s] Motion for Default Judgment Against Michel Law, LLC d/b/a Level One Law (the "Motion for Default Judgment" or "Motion"). [Doc. 24]. For the reasons set forth herein, this Court respectfully finds that default judgment is an appropriate sanction under Federal Rule of Civil Procedure 16(f) for Defendant's conduct in this case but **DENIES** the Motion for Default Judgment **without prejudice**.

**BACKGROUND**

Plaintiff initiated this civil action on February 27, 2025, asserting claims under the Credit Repair Organizations Act and the Colorado Credit Services Organization Act. [Doc. 1 at ¶¶ 26–47]. Plaintiff contends that he contracted with Defendant for credit repair services, wherein Plaintiff would pay Defendant a monthly sum and Defendant would attempt to resolve Plaintiff's debts and prevent Plaintiff's creditors from contacting him. [*Id.* at ¶¶ 7–13]. Plaintiff alleges that over a year later, however, Defendant had not done what it promised:  there were still no improvements with his debt issues or credit score;

Defendant only resolved a portion of the debt; and Plaintiff continued to receive phone calls and notices from debt collectors.  [*Id.* at ¶¶ 13–19].  Plaintiff claims that in the end, he paid Defendant approximately $8,000 for "no [promised] results to come about," and Plaintiff still had to pay a creditor out of pocket and negotiate his debts on his own.  [*Id.* at ¶¶ 17–23].  Counsel for Defendant entered their appearances in this case on May 5, 2025, [Doc. 9; Doc. 10], and Defendant answered Plaintiff's Complaint on May 19, 2025, [Doc. 12].

On May 28, 2025, defense counsel moved to withdraw, citing irreconcilable differences between counsel and Defendant.  [Doc. 13 (the "Motion to Withdraw")].  After a hearing on June 5, 2025, the Honorable N. Reid Neureiter granted the Motion to Withdraw and permitted defense counsel's withdrawal.  [Doc. 18].  At that hearing, Judge Neureiter advised a representative of Defendant, Lori Leigh, that Defendant had "up to July 1, 2025 to either resolve the case or obtain new counsel." [*Id.* at 1].  Judge Neureiter also ordered that if the matter was not resolved, the Parties must appear for a telephonic Scheduling Conference on July 14, 2025.  [*Id.* at 2].

July 1, 2025 came and went without any new counsel entering appearance for Defendant in this matter.  And because the case did not resolve, Judge Neureiter held a telephonic Scheduling Conference on July 14, 2025.  [Doc. 19].  At that hearing, Plaintiff's counsel appeared but Defendant (or its counsel) did not appear.  [*Id.*].  Plaintiff stated that he would be moving for entry of default and default judgment.  [*Id.*].

Plaintiff filed his Motion for Entry of Default on July 24, 2025, [Doc. 20], and filed a corrected version on July 28, 2025, [Doc. 22].  The Clerk entered default as to Defendant in this matter on August 11, 2025.  [Doc. 23].  Plaintiff filed the instant Motion on October

2, 2025.  In the time since, no attorney has entered an appearance for Defendant in this case, and Defendant has not responded to the Motion.

## LEGAL STANDARD

Plaintiff moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.  *See* [Doc. 24 at 1].  However, the Motion does not explain why Rule 55 provides the correct analytical framework in light of this case's procedural posture—namely, that Defendant has appeared and answered Plaintiff's Complaint.  *See* [Doc. 9; Doc. 10; Doc. 12].  Rule 55 only applies when the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a); *see also Flohrs v. Eli Lilly & Co.*, No. 12-cv-02439-SAC, 2012 WL 5266116, at *1 (D. Kan. Oct. 23, 2012) ("Default judgment is appropriate only against a party who has failed to plead or otherwise defend . . . .  Because Defendant timely responded to Plaintiff's complaint, no default can be had.").

Because Defendant filed an answer in this case, the Rule 55 analysis, in which the Court deems the plaintiff's well-pleaded factual allegations admitted, does not apply.  *Cf. Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually."); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Accordingly, the Motion for Default Judgment is **DENIED** to the extent that it requests the Court order default judgment under Rule 55.[1]

---

[1] For the same reason, because Defendant had filed an Answer before Plaintiff moved for an enter of default, the Clerk of Court's entry of default, [Doc. 23], is **VACATED**.

However, pursuant to Federal Rule of Civil Procedure 16(f), a court may "[o]n motion or on its own . . . issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Available sanctions include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In addition, federal district courts "have broad inherent power to sanction misconduct and abuse of the judicial process," including the power to enter default judgment. *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("[F]ederal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).

Indeed, this Court and other district courts have construed the entry of default judgment based on a corporate defendant's failure to obtain counsel as a sanction under the Federal Rules. *See, e.g.*, *Baxter Constr. Co. v. SF Constr., Inc.*, No. 22-cv-01117-NYW, 2023 WL 5822502, at *3 (D. Colo. Sept. 8, 2023); *Cline v. Parker Indus., Inc.*, No. 2:21-cv-00635, 2023 WL 2574138, at *2 (D. Utah Mar. 20, 2023). The Court finds this analysis most appropriate here, as Defendant's Answer precludes the Court from simply accepting Plaintiff's well-pleaded allegations as true.

"Default judgment is 'a harsh sanction that should be used only' if the failure to comply with court orders is the result of 'willfulness, bad faith, or any fault of the disobedient party' rather than inability to comply." *Klein*, 777 F.3d at 1147–48 (quoting *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013)). Before entering default judgment as a sanction, the Court must consider (1) "the degree of actual

4

prejudice to the [opposing party]," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotation omitted) (considering these factors before entering dismissal as a sanction); *see also Cline*, 2023 WL 2574138, at *2 (considering these factors before entering default judgment as a sanction). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider" in selecting a sanction. *Ehrenhaus*, 965 F.2d at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction." *Id.* (quotation omitted).

## ANALYSIS

On June 5, 2025, Defendant was ordered by Judge Neureiter to secure new counsel and appear at a scheduling conference. *See* [Doc. 18]. Yet, Defendant did neither, even though Judge Neureiter made this order directly to one of Defendant's representatives. [*Id.*; Doc. 19]. To this date, even after Plaintiff moved for entry of default and for default judgment, Defendant has not secured counsel or otherwise filed anything in this case. "[A] workable system of justice requires that litigants not be free to appear at their pleasure," *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983), and "defendants cannot escape liability merely by refusing to participate" in a case, *Pleitez v. Carney*, 594 F. Supp. 2d 47, 48–49 (D.D.C. 2009).

Under these circumstances, the Court finds it appropriate to use its authority to sua sponte consider whether a sanction of default judgment is justified. *See* Fed. R. Civ.

P. 16(f)(1)(C).  The Court begins with the *Ehrenhaus* factors.  *See EBI Sec. Corp. v. Net Command Tech, Inc.*, 85 F. App'x 105, 108 (10th Cir. 2003) ("It is . . . necessary for a district court to ensure that default judgment is a 'just' sanction for the offending party's misconduct." (citing *Ehrenhaus*, 965 F.2d at 920–21)).

*Prejudice to Plaintiff.*  Because of Defendant's failure to secure counsel, this case has not moved past the pleadings stage.  While Plaintiff has been ready to proceed since Defendant filed its Answer on May 19, 2025, as demonstrated by his filing of a proposed Scheduling Order proposing deadlines for written discovery and dispositive motions, among other things, *see* [Doc. 17], Defendant has refused to participate in the case.  Defendant never responded to Plaintiff's proposed Scheduling Order and then failed to appear at the previously scheduled Scheduling Conference.  *See* [Doc. 17; Doc. 19].

All plaintiffs have an interest in proceeding with their claims expeditiously, *see Duca v. Falcon Sch. Dist. 49*, No. 22-cv-00880-CMA-MDB, 2022 WL 4131435, at *2 (D. Colo. Sept. 12, 2022) (recognizing that "there is no question" that plaintiffs have an interest in proceeding expeditiously in their cases), and for this reason, the Court concludes that Defendant's failure to follow court orders has prejudiced Plaintiff, which weighs in favor of sanctioning Defendant, *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, No. 13-cv-02471-PAB-CBS, 2015 WL 794328, at *11 (D. Colo. Feb. 4, 2015) ("Default judgment is an appropriate method for resolving litigation and protecting a diligent plaintiff 'when the adversary process has been halted because of an essentially unresponsive party.'" (quoting *Teamsters Local 639-Emps. Health Trust v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 106 (D.D.C. 2008))), *recommendation adopted*, 2015 WL 782722 (D. Colo. Feb. 24, 2015).

***Interference With the Judicial Process.***  Defendant's failure to comply with court orders has interfered with the judicial process.  As a general matter, "if a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice.'"  *EBI Sec. Corp., Inc. v. Hamouth*, 219 F.R.D. 642, 648 (D. Colo. 2004) (quoting *Ehrenhaus*, 965 F.2d at 921).  Additionally, here, Judge Neureiter spent judicial resources preparing for and holding a hearing that Defendant was well aware of but chose not to attend without informing Judge Neureiter in advance.  *See, e.g.*, *Hall v. Wal-Mart*, No. 09-cv-01410-WYD-CBS, 2009 WL 6337957, at *3 (D. Colo. Dec. 18, 2009) (concluding that the plaintiff's "continuing noncompliance with the court's orders . . . increased the workload of the court and interfered with the administration of justice"), *recommendation adopted*, 2010 WL 1416785 (D. Colo. Apr. 7, 2010); *MacAlmon Music*, 2015 WL 794328, at *10 (finding that the defendant interfered with the judicial process where the defendant's noncompliance required the court to "spen[d] judicial resources on setting, resetting, and monitoring th[e] civil action, and issuing an Order to Show Cause").  This factor weighs in favor of sanctions.

***Culpability of Defendant.***  The Court finds that Defendant is culpable for its conduct in this case.  First, in the Motion to Withdraw, former counsel informed the Court that counsel had advised Defendant that (1) Defendant has the burden of complying with all court rules and orders; (2) Defendant cannot appear in federal court without counsel; (3) absent a prompt appearance of substitute counsel, Defendant may be subject to sanctions, including default judgment; and (4) there is a pending proposed scheduling order and a scheduled Scheduling Conference.  [Doc. 13 at ¶¶ 8–12, 15]; *see also* [Doc. 14].  The Motion to Withdraw was served on Defendant.  [Doc. 13 at ¶ 15].  Further,

a representative of Defendant appeared at the hearing on the Motion to Withdraw, as ordered by Judge Neureiter, so the Court assumes that Defendant received a copy of all relevant documents related to the Motion to Withdraw. [Doc. 18]. Defendant's representative was in attendance when Judge Neureiter issued his order for Defendant to either resolve the case or obtain new counsel by July 1, 2025. [*Id.*].

However, despite the notice in the Motion to Withdraw and Judge Neureiter's Order, Defendant failed to comply with a court order and failed to obtain counsel to represent it in federal court. Nor did Defendant at any point seek an extension of the deadline to obtain new counsel, object to Judge Neureiter's Order, or otherwise inform the Court of any "inability to comply" with Judge Neureiter's Order. *Klein*, 777 F.3d at 1148. Defendant's culpability weighs in favor of sanctioning Defendant. *See MacAlmon Music,* 2015 WL 794328, at *10 (finding the defendant culpable where the defendant "disregarded the court's orders, the court's Local Rules, and the Federal Rules" and where the defendant "did not request any extension, demonstrate any need for an extension, or offer any acceptable explanation for its noncompliance" with court orders).

***Whether Defendant Was Warned of the Consequences of its Noncompliance.*** Defendant has been warned on multiple occasions—by its former counsel and by Judge Neureiter—that it must retain new counsel and a failure to do so may result in default judgment as a sanction against it. For instance, upon review of the audio recording of the June 5, 2025 Status Conference with Judge Neureiter, Judge Neureiter specifically warned Defendant that entities could not represent themselves, and Ms. Leigh, as the representative of Defendant and an attorney herself, confirmed that she understood. [Doc. 18]. Additionally, the Minutes from the July 14, 2025 Scheduling Conference, which

are available to be viewed on the public docket, explicitly state that Plaintiff would be moving for entry of default and default judgment.  [Doc. 19].  And then when Plaintiff moved for default and default judgment, he served a copy on Defendant's registered agent at Defendant's last known address.  *See* [Doc. 22 at 2; Doc. 24 at 5].  Despite all these warnings, and Defendant's own knowledge of the law as a law firm comprised of attorneys, Defendant has failed to comply with the Local Rules of Practice and Judge Neureiter's Order.  This weighs in favor of entering default judgment against Defendant.

***Efficacy of Lesser Sanctions.***  Finally, the Court must determine whether any lesser sanctions would be an effective sanction for Defendant's conduct.  Critically, Defendant appears to have completely abandoned its defense against Plaintiff's claims in this case and there is no indication that Defendant intends to participate in this case going forward.  The Court takes judicial notice that Defendant intervened and is actively participating in *Consumer Financial Protection Bureau v. StratFS, LLC*, No. 24-cv-00040-EAW-MJR (W.D.N.Y. Jan. 10, 2024), a legal action brought by the Consumer Financial Protection Bureau, as well as various state Attorneys General, including Colorado Attorney General Philip J. Weiser, alleging violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act arising from predatory marketing and sale of debt-relief services.  *See StratFS, LLC*, No. 24-cv-00040-EAW-MJR, ECF No. 34 (W.D.N.Y. Jan. 16, 2024) (motion to intervene filed by Defendant and various other law firms); *Bunn v. Perdue*, 966 F.3d 1094, 1096 n.4 (10th Cir. 2020) (recognizing that a court may take judicial notice of docket information from another court); *see also* Regulatory Resolutions, *Consumer Fin. Prot. Bureau, et al. v. StratFS, LLC, et al. (StratFS Receivership)*, https://regulatoryresolutions.com/case/consumer-financial-protection-bureau-et-al-

stratfs-llc-et-al-stratfs-receivership/ (last visited July 24, 2026). Clearly, Defendant can obtain representation and engage in litigation when it is motivated to do so.

The Court is thus not convinced that any lesser sanction would have any material effect on Defendant or on this litigation—the imposition of monetary sanctions, for example, would not resolve the issue of Defendant's non-appearance, and this litigation would remain stagnant, with no path forward to resolution. *See Tr. of Colo. Laborers' Health & Welfare Fund v. Adams Excavating, Inc.*, No. 05-cv-01695-MSK-MJW, 2008 WL 659646, at *2 (D. Colo. Mar. 6, 2008) ("Due to the inaction of the Defendant, the case is at a standstill, and no sanction short of a default would have any efficacy."); *Logisys, Inc. v. Williams*, No. 20-cv-00559-EFM, 2023 WL 2450176, at *3 (N.D. Okla. Feb. 16, 2023) ("[T]he basis for sanctions against Defendant is his unresponsiveness, which has effectively 'stayed' the proceedings thus far. Here, sanctions must serve to move this case along, not prolong it further.").

Accordingly, the Court does not find that lesser sanctions would be effective in this case.

**Amount of Damages.** Weighing all the *Ehrenhaus* factors, the Court concludes that entering default judgment against Defendant as a sanction for its failure to comply with Judge Neureiter's Order and continued failure to retain counsel is justified. The Court now turns to the amount of damages requested, *see Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) ("A final default judgment cannot be entered against a party until the amount of damages has been ascertained."), and notes that courts must hold a hearing on the damages claimed before entering default judgment unless "the amount claimed is a liquidated sum or one capable of mathematical calculation," *Hunt v. Inter-Globe Energy,*

*Inc.*, 770 F.2d 145, 148 (10th Cir. 1985); *McLaughlin Grp., Inc. v. Am. Mfg. & Mach., Inc.*, No. 20-cv-03531-PAB-TPO, 2025 WL 2624346, at *3 (D. Colo. Sept. 11, 2025) (same).

"Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1243 (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)); *Herzfeld*, 100 F.R.D. at 773 n.2. Further, under Rule 54 of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff's Complaint does not request an award of a sum-certain amount; instead, Plaintiff seeks "actual damages," "punitive damages," and "costs and reasonable attorney fees" pursuant to 15 U.S.C. § 1679g(a) and Colo. Rev. Stat. § 5-19-111. *See* [Doc. 1 at ¶¶ 39, 47]. Plaintiff alleges that he paid Defendant "approximately $8,000." [*Id.* at ¶ 19]. While Defendant admitted that "Plaintiff deposited approximately $8,000 into a bank account dedicated for use in settling his debts and paying [Defendant]'s fees," it denied that "Plaintiff paid [Defendant] approximately $8,000" and denied that it "caused any of Plaintiffs' damages, or that Plaintiff is entitled to any of the relief requested." [Doc. 12 at ¶¶ 19, 39, 47]. Accordingly, the amount of damages is in dispute and Plaintiff must support his allegations with actual proof, such as affidavits or documentary evidence. *See BMO Harris Bank N.A. v. Marjanovic*, No. 19-cv-02945-CMA-KMT, 2021 WL 307501, at *4 (D. Colo. Jan. 29, 2021) (quotation omitted); *McLaughlin Grp.*, 2025 WL 2624346, at *3.

11

In his Motion, Plaintiff requests $8,063.86 in actual damages pursuant to 15 U.S.C. § 1679g(a)(1) and Colo. Rev. Stat. § 5-19-111(1), and $7,295.62 in costs and reasonable attorney fees.  [Doc. 24 at 4].  But Plaintiff does not offer any evidence in support of the actual damages figure or even his statement in the Motion that $8,063.86 is "the amount he paid for Defendant's credit repair services in a seven-month period."  *See* [*id.* at ¶ 15]. Especially where Plaintiff acknowledges that Defendant "resolved approximately $2,000 worth of debt on Plaintiff's behalf," [Doc. 1 at ¶ 19], it is not apparent to the Court why Plaintiff's damages would be the total amount that Plaintiff paid to Defendant.

And while Plaintiff provides a breakdown of the costs and counsel's time entries, as well as an affidavit by counsel in support, the exhibits related to the attorney fees calculation are inadequate.  Any motion for attorney fees must include, "for each person for whom fees are claimed[,] a summary of relevant qualifications and experience." D.C.COLO.LCivR 54.3(b).  Other than a statement in Mr. Hatzidimitriadis's declaration that his fees are "reasonable for an attorney with similar experience," *see* [Doc. 24-2 at ¶ 11], Plaintiff submits no evidence regarding what Mr. Hatzidimitriadis's experience is nor any evidence to substantiate the reasonableness of the fees charged, including for Michelle Villaron who does not appear to be an attorney, *see Big O Tires, LLC v. C&S Tires, Inc.*, No. 16-cv-00725-MSK-NYW, 2017 WL 2263079, at *15 (D. Colo. May 24, 2017) ("Respectfully, this court finds that an attorney's own uncorroborated statement regarding the reasonableness of his or her own fees is insufficient to establish that the billing rate claimed is reasonable."), *recommendation adopted*, ECF No. 46 (D. Colo. July 19, 2017); *McLaughlin Grp.*, 2025 WL 2624346, at *7 ("[T]he Court finds that plaintiffs have failed to explain whether the hourly rate charged is comparable to 'the prevailing

market rate in the relevant community,'" i.e. "'where the litigation occurs, even for the fees of out of state lawyers.'" (first quoting *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002), and then quoting *Student Mktg. Grp., Inc. v. Coll. P'ship, Inc.*, No. 04-cv-01258-LTB-BNB, 2005 WL 8171423, at *2 (D. Colo. Dec. 28, 2025), *amended*, 2006 WL 8454015 (D. Colo. Apr. 3, 2006), *and aff'd*, 247 F. App'x 90 (10th Cir. 2007))). Absent this information, the Court cannot determine whether the requested fees are reasonable. *See Sixta v. Bass Pro Outdoor World, LLC*, No. 16-cv-01517-LTB-SKC, 2019 WL 13202231, at *1 (D. Colo. Jan. 3, 2019) (without "market-based justification for [counsel]'s hourly rate," "Plaintiff cannot meet her burden of establishing the amount of expenses to which she is entitled").

Because Plaintiff has not substantiated either the actual damages requested or the reasonableness of the requested attorney fees, the Court cannot determine the appropriate amount to award. Plaintiff may file a motion for damages and fees, in compliance with the District's Local Rules and supported by adequate evidence, within thirty days of the issuance of this order.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)    Plaintiff['s] Motion for Default Judgment Against Michel Law, LLC d/b/a Level One Law [Doc. 24] is **DENIED** to the extent that it seeks default judgment under Federal Rule of Civil Procedure 55;

(2)    The Clerk of Court's entry of default, [Doc. 23], is **VACATED**;

(3)    Default judgment against Defendant Michel Law d/b/a Level One Law is an appropriate sanction under Federal Rule of Civil Procedure 16(f) for failing

13

to comply with a court order to secure counsel and failing to litigate this case in good faith; and

(4)     Plaintiff may file a motion for damages and attorney fees, in compliance with the District of Colorado's Local Rules and supported by adequate evidence, **by August 24, 2026**.

DATED:  July 24, 2026                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge

14